**07 CIV 7520**

UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**JUDGE KARAS**

VIVIAN BEALE
    *Plaintiff*

v.                                      File No._____

MOUNT VERNON POLICE DEPARTMENT
    *Defendant*

<u>**JURY TRIAL DEMANDED**</u>

<u>**VERIFIED COMPLAINT**</u>

COMES NOW, the Plaintiff, Vivian Beale, for a Complaint against the Defendant, Mount Vernon Police Department, states and alleges as follows:

*NATURE OF CLAIM*

1. This action is for declaratory and injunctive relief and for damages to redress the deprivation of rights secured to the plaintiff by the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq* ("ADA"), 42 U.S.C. §2000(e) *et seq*.("Title VII), 42 U.S.C. § 1983 *et seq*, and the Fourteenth Amendment.

1

## *JURISDICTION*

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343 (4), 2201, 2202, and Title VII. Jurisdiction to grant injunctive and declaratory equitable relief as well as damages is invoked pursuant to 42 U.S.C. §§ 12101 et *seq* (ADA) 42 U.S.C. §2000(e) *et seq.*("Title VII), 42 U.S.C. § 1983 *et seq,* and the Fourteenth Amendment.

3. On July 6, 2007, plaintiff, who had filed a charge with EEOC based on sex discrimination and disability, was given her "Right to sue" (Exhibit 1)

## *PLAINTIFF*

4. Plaintiff, Vivian Beale, is a female citizen of the United States.

## *DEFENDANT*

5. Defendant is Mount Vernon Police Department, and is an employer within the meaning of 42 U.S.C. §§ 12101 et *seq* (ADA).

## *STATEMENT OF CLAIM*

6. Plaintiff was employed at the Mount Vernon Police Department, county of Westchester, State of New York.

7. Plaintiff was diagnosed with breast cancer in 2002 and returned to work in April 2003 until she retired in 2007.

7. After plaintiff's return in April 2003 she was assigned to a "desk job."

8. In March of 2005 sitting next to plaintiff, was a male, performing the same job as the plaintiff; however he was granted overtime after an hour day, while such opportunity was never given to the plaintiff from the March of 2005 until her retirement in 2007.

9. During the period after plaintiff's return to work, she was harassed by Sgt. William Podszus, plaintiff's commander, who on July 2006, stated, "women are useless . . . and do not belong on the job."

10. Sgt. Podszus took no corrective action to the comment made by PO Rella that the plaintiff would be working the streets as a prostitue when she retired.

11. Sgt. Podszus also allowed Officer Rella make discriminatory comments about women in the presence of the plaintiff.

12. Sgt. Podszus observed and allowed without corrective action Officer Rella commit an assault and battery upon the plaintiff

13. The actions that befell the plaintiff were made aware to management by an MV-5- Officers Report.

14. The Code of Conduct, Policy on Sexual Harassment revised 1/15/99 by the Mount Vernon Police Department was flagrantly ignored. The City of Mt. Vernon did not commence a timely and thorough investigation violating plaintiff's constitutional rights.

15. The code of conduct procedure page 3: Any person who feels that he or she has been the victim of sexual harassment or has witnessed such activity is required to immediately report the incident to his/her supervisor or any other managerial employee. Sgt. Podszus observed and allowed discriminatory comments and allowed assault by P.O. Rella and failed to immediately report the incidents to his supervisor.

16. The Equal Employment Opportunity Statement issued on January 1, 2007 and signed by Ernest D. Davis, Mayor, was ignored.

17. Had plaintiff not been subjected to the violations of the ADA, Title VII, 42 U.S.C. §1983, and the Fourteenth Amended, plainff would have delayed her retirement.

18. As a direct result of Defendant's actions, Plaintiff has suffered and continues to suffer anguish; financial loss, including, but not limited to loss of income and pension benefits; and other incidental and consequential damages and expenses.

WHEREFORE, plaintiff prays that the Court:

a. Issue a permanent injunction enjoining the defendant from continuing or maintaining the policy, practice and custom of denying, abridging, withholding, or conditioning the rights of employees on the basis of race and disability which rights are secured by the ADA and Title VII.

b. As a result of the policies, procedures, practices, and acts of defendants, Plaintiff, Vivian Beale, has suffered violations of her rights, privileges, and immunities under the Constitution and aforementioned statutes and has and continues to suffer physical injury, medical expenses, severe emotional, psychological and financial distress, anguish, humiliation, embarrassment, anxiety, and pain and suffering due to the willful, wanton, and deliberate misconduct of the Defendants in connection with the deprivation of her constitutional and statutory rights guaranteed Fourteenth Amendments of the Constitution of the United States, protected by 42 U.S.C. §1983, the ADA, and Title VII.

c. Award plaintiff a judgment against defendant in whatever amount.

d. Award plaintiff actual damages for loss of wages in an amount to be fixed upon inquest and based upon the difference between total compensation plaintiff would have earned in the absence of this illegal discrimination against him, and the total compensation and/or benefits actually earned compensation plaintiff would have earned in the absence of this illegal discrimination against him, and the total compensation and/or benefits actually earned.

e. Award plaintiff the cost of this action, together with reasonable attorney's fees as provided in Title VII.

f. Grant plaintiff such other and further relief, as may be necessary and proper.

Respectfully submitted,

August 21, 2007

    _____
    Sanford A. Kutner (SK6525)
    Attorney for the Plaintiff
    6 Tara Place
    Metairie, LA 70002
    718-246-0843
    FAX 866-613-6209
    civilrightslaw@aol.com

## VERIFICATION

That I am the Plaintiff in the within proceeding and I have read and know the contents of the foregoing Complaint and that UNDER PENALTY OF PERJURY I know the information contained therein to be true based upon personal knowledge of the same, except as to those matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

    _____
    **VIVIAN BEALE**

Dated this ___22nd___ day of August, 2007.

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
Phone: (212) 336-3620
General Fax: (212) 336-3625
TTY: (212) 336-3622

Spencer H. Lewis, Jr.
District Director
33 Whitehall Street, 5th Floor
New York, NY 10004-2112

Ms. Vivian J. Beale
621 North Terrace Avenue
Apt. 6E
Mt. Vernon, NY 10552

Re: Vivian J. Beale v. Mount Vernon Police Department
    Charge No. 520-2007-01870

Dear Ms. Beale:

This office is in receipt of your request for a Notice of Right to Sue on the above-referenced charge.

Ordinarily, a charging party or his/her counsel is not entitled to receive a Notice of Right to Sue upon request until the charge has been pending with the EEOC for at least 180 days. However, an early Notice of Right to Sue is authorized by 29C.F.R. § 1601.28(a)(2) if the Director determines that the Commission will not be able to complete its administrative process within 180 days of the date the charge was filed.

We have reviewed all of the circumstances of this case and have determined that our issuing you the requested Notice of Right to Sue is warranted at this time. We have concluded that the EEOC will be unable to complete the processing of this charge within 180 days of the date the charge was filed.

Enclosed is your Notice of Right to Sue.

Sincerely,

JUL -6 2007
_____
Date

Spencer H. Lewis, Jr.
District Director

EXHIBIT 1