**BOND, SCHOENECK & KING, PLLC**
ATTORNEYS AT LAW ▪ NEW YORK  FLORIDA  KANSAS

HOWARD M. MILLER
Direct: 516-267-6300
hmiller@bsk.com

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

November 20, 2007

**MEMO ENDORSED**

**FEDERAL EXPRESS OVERNIGHT**

Honorable Kenneth M. Karas
United States District Court Judge
United States Courthouse Room 630
300 Quarropas Street
White Plains, New York  10601

Re:   *Vivian Beale v. Mount Vernon Police Department, 07-CV-7520 (KMK)*

Dear Judge Karas:

We represent the Defendant Mount Vernon Police Department in the above referenced matter. In accordance with your individual rules of practice, we respectfully request that a pre-motion conference be scheduled so that the Defendant may seek permission to file a pre-answer motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

The complaint filed in this action is, at best, difficult to follow. However, as best can be gleaned from it, Plaintiff Vivian Beale seeks relief under the Americans with Disabilities Act and Title VII of the Civil Rights Act of 1964 on the basis of alleged disability and sex discrimination. Plaintiff also asserts a claim under 42 U.S.C. § 1983 for an alleged violation of the Fourteenth Amendment. As is discussed herein, because the complaint is bereft of allegations that could feasibly give rise to any viable claim upon which relief may be granted, it should be dismissed.

The sole allegation in the complaint relating to any disability of any sort is that Ms. Beale was diagnosed with breast cancer in 2002. According to the complaint, however, Ms. Beale returned to work in 2003 and continued to perform her job until she retired in 2007. Because the complaint alleges only that Ms. Beale was diagnosed with cancer five years ago without alleging that the cancer had any impact on her ability to perform her job, Ms. Beale has failed to state a claim under the ADA. *See, e.g., Turner v. Sullivan Univ. Systems, Inc.*, 420 F. Supp. 2d 773, 783 (W.D. Ky. 2006) ("The existence of [breast] cancer is not by itself determinative of a disability as a matter of law."); *Pimental v. Dartmouth-Hitchcock Clinic*, 246 F. Supp. 2d 177 (D.N.H. 2002) (just because "[breast] cancer qualifies as an impairment. It does not necessarily follow that she is also 'disabled' within the meaning of the ADA."). Put simply, Ms. Beale has failed to "allege facts showing that she had a disability within the meaning of the ADA." *Harewood v. Beth Israel Medical Center*, 2003 WL 21373279, *5-6 (S.D.N.Y. 2003). Accordingly, the complaint should be dismissed. *See, e.g., Taggart v. Moody's Investors Serv.*, 2007 U.S. Dist. LEXIS 52765, *23-24 (S.D.N.Y. 2007) (dismissing ADA claim because the complaint "fails to allege any facts describing the extent of the impairment or impact on her ability to perform her job ... [or] how [the medical condition]

---

1399 Franklin Avenue, Suite 200, Garden City, NY 11530-1679 ▪ Phone: 516-267-6300 ▪ Fax: 516-267-6301 ▪ www.bsk.com

Honorable Kenneth M. Karas
November 20, 2007
Page 2

otherwise substantially limited her from engaging in another major life activity."); *James v. Federal Reserve Bank of New York*, 2005 U.S. Dist. LEXIS 43493 (E.D.N.Y. 2005) (dismissing ADA claim where plaintiff failed to allege her entitlement to relief because she did not allege she was "disabled").

Nonetheless, even if, *arguendo*, Ms. Beale had adequately plead she was "disabled," the complaint fails to allege any connection whatsoever between Ms. Beale's medical condition and any alleged adverse employment action. Since as the complaint fails to allege that Ms. Beale suffered any discrimination *because of her disability*, it must be dismissed. *Cf. Reyes v. Erickson*, 238 F.Supp. 2d 632 (S.D.N.Y. 2003) ("naked assertions by plaintiff that race was a motivating factor without a fact-specific allegation of a causal link between defendant's conduct and the plaintiff's race are too conclusory").

In addition to her claim under the ADA, Ms. Beale has brought a claim under Title VII for alleged sex-based discrimination. As best can be gleaned from the complaint, this claim relates to conduct engaged in by two of Ms. Beale's co-worker that purportedly gave rise to a hostile work environment. However, the conduct alleged in the complaint, does not, as a matter of law, give rise to a hostile work environment. *See, e.g., Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 767-768 (2d Cir. 1998) (allegations that plaintiff's supervisor "propositioned" her, told her "that she had been voted the 'sleekest ass' in the office," and "deliberately touched [her] breasts with some papers that he was holding" were did not create a hostile work environment); *Prince v. Cablevision Systems Corp.*, 2005 WL 1060373, *8 (S.D.N.Y. 2005) (collecting cases dismissing hostile work environment claims); *Salem v. Software Guidance and Assistance*, 1998 WL 278687 (S.D.N.Y. 1998) (sexually charged remarks, comments on the size of women's breasts, and touching plaintiff's rear-end insufficient to establish a hostile work environment).[1]

Ms. Beale's claims under 42 U.S.C. § 1983 fare no better. Since Ms. Beale has not plead, or even mentioned, any custom or policy that led to the alleged constitutional violation in the complaint, she cannot state a claim. *See, e.g., Van Emrik v. Chemung County Dep't of Social Serv.*, 911 F.2d 863, 868 (2d Cir. 1990) (claim against municipal defendant dismissed because plaintiff failed to adequately allege any custom or policy that contributed to denial of plaintiff's constitutional rights); *Claudio v. City of New York*, 423 F. Supp. 2d 170, 172 (S.D.N.Y. 2006) (dismissing § 1983 claim against municipal defendant because "[n]o practices of the City of New York are even mentioned in the instant Complaint, and even conclusory allegations of official custom or practice will fail to survive a motion to dismiss."). Moreover, even if, *arguendo*, Ms. Beale had adequately alleged a such a custom or policy, her Section 1983 claims must nonetheless be dismissed because they is based solely on conclusory assertions that cannot withstand a motion to dismiss. *See, e.g., Valle v.*

---

[1] Portions of the complaint are also time-barred because Ms. Beale filed failed to file a charge of discrimination with the EEOC within 300 days of the complained of discriminatory acts. 42 U.S.C. § 2000e-5(e); 42 U.S.C. § 122117(a); *Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 712 (2d Cir. 1996) ("This statutory requirement is analogous to a statute of limitations ... only events that occurred during the 300-day period prior to filing ... are actionable."); *Bentacourt v. City of New York HRA/DSS*, 2007 U.S. Dist. LEXIS 74934, *6-8 (S.D.N.Y. 2007) (same); *Butts v. City of New York Dep't of Housing Pres. and Dev.*, 990 F.2d 1397, 1401 (2d Cir. 1993) ("When a plaintiff fails to file a timely charge with the EEOC, the claim is time-barred.").

Honorable Kenneth M. Karas
November 20, 2007
Page 3

*YMCA of Greater New York*, 2006 WL 2571946 (S.D.N.Y. 2006) (dismissing conclusory discrimination claims); *Hill v. Phillip Morris USA*, 2004 WL 1065548 (S.D.N.Y. 2004) (dismissing civil rights claims where allegations of discrimination were conclusory).

In light of the foregoing, Defendant respectfully requests that a pre-motion conference be scheduled at the Court's earliest convenience. We also respectfully ask that our time to answer be stayed pending the conference. Thank you for your attention to this matter.

Very truly yours,

BOND, SCHOENECK & KING, PLLC

Howard M. Miller

cc:   Sanford A. Kutner, Esq.

*The Court will hold a pre-motion conference on January 18, 2008, at 3:00. Defendant's time to answer the Complaint is stayed until then. Plaintiff is to respond to this letter by December 19, 2007.*

SO ORDERED

KENNETH M. KARAS, U.S.D.J.
12/6/07

58417.1 11/20/2007