USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:



BOND, SCHOENECK & KING, PLLC
ATTORNEYS AT LAW ▪ NEW YORK  FLORIDA  KANSAS

HOWARD M. MILLER
Direct: 516-267-6318
hmiller@bsk.com

May 9, 2008

**FEDERAL EXPRESS OVERNIGHT**

**MEMO ENDORSED**

Honorable Kenneth M. Karas
United States Courthouse Room 630
300 Quarropas Street
White Plains, New York  10601

Re:  *Vivian Beale v. Mount Vernon Police Department*, 07-CV-7520 (KMK)

Dear Judge Karas:

As you know, we represent the Defendant Mount Vernon Police Department in the above referenced matter. In accordance with your individual rules, we respectfully request that a pre-motion conference be scheduled so Defendant may seek permission to file a motion to dismiss the amended complaint.

At the pre-motion conference held with regard to the initial complaint, Plaintiff was granted leave to file an amended complaint to presumably remedy the pleading deficiencies. We were also under the impression that Plaintiff would withdraw her claim under the Americans with Disabilities Act ("ADA") because she was not disabled within the meaning of the ADA. Plaintiff failed to withdraw her ADA claim, and has instead substituted the original allegations for more confusing theories that are difficult to follow. In any event, the new allegations do not give rise to plausible claims.

The apparent basis of Plaintiff's ADA claim is that she was diagnosed with breast cancer in 2002, and that she was therefore disabled when she returned to work in April 2003. Plaintiff's bare assertions to this end are patently insufficient to state a claim under the ADA because she has failed to allege that having breast cancer in 2002 had any, let alone a substantial, impact on a major life activity. *See, e.g., Turner v. Sullivan Univ. Systems, Inc.*, 420 F. Supp. 2d 773, 783 (W.D. Ky. 2006) ("The existence of [breast] cancer is not by itself determinative of a disability as a matter of law."); *Pimental v. Dartmouth-Hitchcock Clinic*, 246 F. Supp. 2d 177 (D.N.H. 2002) (just because "[breast] cancer qualifies as an impairment. It does not necessarily follow that she is also 'disabled' within the meaning of the ADA."). Indeed, Plaintiff confusingly alleges that she "suffered a disability which is deemed a major life activity," thereby asserting that her "disability" itself is "a major life activity." To adequately allege a claim under the ADA, however, Plaintiff must allege that she was "disabled" within the meaning of the ADA, which means that she suffered an impairment that substantially limited a major life activity. *See Colwell v. Suffolk County Police Dep't*, 158 F.3d 635 (2d Cir. 1998); *Harewood v. Beth Israel Med. Ctr.*, 2003 WL 21373279 (S.D.N.Y. 2003). This, Plaintiff has not done. Because Plaintiff has failed to allege facts to show that she was disabled within the meaning of the ADA, her claim should be dismissed. *See, e.g., Taggart v. Moody's Investors Serv.*, 2007 U.S. Dist. LEXIS 52765, *23-24 (S.D.N.Y. 2007) (dismissing ADA claim because the complaint "fails to allege any facts describing the extent of the impairment or impact on her ability to perform her job … [or] how [the

medical condition] otherwise substantially limited her from engaging in another major life activity."). Even if Plaintiff had adequately plead she was "disabled," her ADA claim must nonetheless be dismissed for her failure to allege any connection whatsoever between the breast cancer and any adverse employment action. Although she alleges that she was "transferred to patrol division," a mere transfer to a different division does not constitute an adverse action. *Dillon v. Morano*, 497 F.3d 247, 254 (2d Cir. 2007). In addition, Plaintiff asserts she was denied overtime because of her disability, but she also alleges that "individuals who had disabilities were granted overtime" (¶18). It is thus clear that the asserted denial could have had nothing to do with her alleged disability. *See, e.g., Pointer v. Columbia Univ.*, 1998 WL 898313, *5 (S.D.N.Y. 1998) (race and gender discrimination claims dismissed where another black female was given the position the plaintiff sought); *Harmon v. Runyon*, 1997 WL 786383, *5 (S.D.N.Y. 1997) (plaintiff could not show she was treated differently than similarly situated individuals outside her protected class when three members of her protected class were not subjected to the same adverse employment action as was plaintiff). Since the complaint fails to allege that Ms. Beale suffered any discrimination *because of her disability*, it must be dismissed. *Cf. Reyes v. Erickson*, 238 F. Supp. 2d 632 (S.D.N.Y. 2003) ("naked assertions by plaintiff that race was a motivating factor without a fact-specific allegation of a causal link between defendant's conduct and the plaintiff's race are too conclusory").

Moreover, Plaintiff's gender and disability claims with regard to the denial of overtime are now time barred because she failed to file a charge of discrimination with the EEOC within 300 days of that denial. As stated in the initial complaint, the denial of overtime about which Plaintiff complains occurred in March 2005. (Compl. ¶ 8). Giving Plaintiff every benefit of assuming the denial occurred on the last day of March 2005, Plaintiff needed to file her charge with the EEOC no later than February 26, 2006 (*i.e.*, 300 days after March 31, 2005) to now have an actionable claim. ."); *Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 712 (2d Cir. 1996) ("This statutory requirement is analogous to a statute of limitations…only events that occurred during the 300-day period prior to filing…are actionable."); *Bentacourt v. City of New York HRA/DSS*, 2007 U.S. Dist. LEXIS 74934, *6-8 (S.D.N.Y. 2007) (same). Because Plaintiff did not file her EEOC charge until April 11, 2007, her Title VII and ADA claims arising from the denial of overtime must be dismissed as untimely. 42 U.S.C. § 2000e-5(e); 42 U.S.C. § 122117(a); *Ledbetter v. Goodyear Tire & Rubber Co.*, 127 S. Ct. 2162, 2166-2167 (2007) ("[I]f the employee does not submit a timely EEOC charge, the employee may not challenge [the alleged discriminatory] practice in court."); *Butts v. City of New York Dep't of Housing Pres. & Dev.*, 990 F.2d 1397, 1401 (2d Cir. 1993) ("When a plaintiff fails to file a timely charge with the EEOC, the claim is time-barred.").

Plaintiff's "gender discrimination and/or sexual harassment" claim fares no better. Although it is not labeled a such, this claim takes the form of an alleged hostile work environment and purportedly arises from comments made to Plaintiff by two of her co-workers. The conduct alleged in the amended complaint (¶16), does not, as a matter of law, rise to the level of a hostile work environment. *See, e.g., Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 767-768 (2d Cir. 1998) (allegations that plaintiff's supervisor "propositioned" her, told her "that she had been voted the 'sleekest ass' in the office," and "deliberately touched [her] breasts with some papers that he was holding" did not create a hostile work environment); *Smith v. City of New York*, 2008 U.S. Dist. LEXIS 37067, *33-37 (S.D.N.Y. 2008) (no hostile work environment created where plaintiff alleged a co-worker "grabbed him near or about his

Honorable Kenneth M. Karas
May 9, 2008
Page 3

genitals and said that she would 'do him like [she] did her husband,'" another co-worker "massaged plaintiff's shoulders and stated that she would stop so that he did not become 'too excited,'" plaintiff was referred to as "good husband material," and supervisor said plaintiff would not "mind having some pretty little thing sitting on [his] lap."); *Garone v. United Parcel Serv., Inc.*, 436 F. Supp. 2d 448, 469 (E.D.N.Y. 2006) (comments such as "office bitch" and "Brooklyn bimbettes," that plaintiff "need[ed] to get laid, need[ed] a man," "that she should wear a skirt and show off her legs," that plaintiff's telephone number could be gotten "off of the bathroom wall"; a supervisor asking plaintiff "to participate in a threesome with him and his wife"; and conduct that included "grabb[ing] her buttocks causing ... 'huge black and blue marks'" and a manager showing "several pictures of his girlfriend naked" held to be objectively insufficient to establish a hostile work environment) *aff'd Sardina v. United Parcel Serv., Inc.*, 254 Fed. Appx. 108 (2d. Cir. 2007); *Blanco v. Brogan*, 2007 U.S. Dist. LEXIS 86890, *4, *9-10 (S.D.N.Y. 2007) (dismissing hostile work environment claim on 12(b)(6) motion where alleged harasser asked plaintiff if she was "dating anyone," complained his bad marriage, delivered flowers to her on Valentine's Day, and purchased a gym membership for plaintiff so he could work out with her); *Prince v. Cablevision Sys. Corp.*, 2005 WL 1060373, *8 (S.D.N.Y. 2005) (dismissing hostile work environment claim on a 12(b)(6) motion; collecting cases dismissing hostile work environment claims).[1]

In light of the foregoing, Defendant respectfully requests that a pre-motion conference be scheduled at the Court's earliest convenience, and that our time to answer be stayed pending the conference. Thank you for your attention to this matter.

Respectfully submitted,

BOND, SCHOENECK & KING, PLLC

*Howard M. Miller /sm*

Howard M. Miller

cc:   Sanford A. Kutner, Esq. (via fax)

[Handwritten order:] The Court will hold a pre-motion conference on June 27, 2008, at 3:30. Plaintiff is to respond to this letter by May 27, 2008.

SO ORDERED.
KENNETH M. KARAS U.S.D.J.
5/19/08

---

[1] See also *Cruz v. Oxford Health Plans Inc.*, 2008 WL 509195, *2, *7 (S.D.N.Y. Feb. 26, 2008) (statement to plaintiff that he "looked good" and conduct that included stroking the back of plaintiff's head and sexually propositioning him did not establish a hostile work environment); *Riegel v. N.Y.*, 2008 WL 150488, *6 (N.D.N.Y. Jan. 14, 2008) (dismissing sexual harassment hostile work environment claim on 12(b) motion for failure to state a plausible claim); *James v. Fed. Reserve Bank*, 2005 WL 1889859, *7-8 (E.D.N.Y. 2005) (collecting cases granting 12(b)(6) motions dismissing discrimination claims and holding that, even under liberal notice pleadings, allegations that plaintiff "was constantly harassed," subjected to "a pattern of slurs and innuendos based on race, gender and age," called a "heifer" and a "slut," insufficient to state a hostile work environment claim); *Whyte v. Contemporary Guidance Serv.*, 2004 WL 1497560, *4-5 (S.D.N.Y. 2004) (granting 12(b)(6) motion and dismissing hostile environment claim where allegations in the complaint were not sufficiently severe or pervasive); *Forts v. City of New York Dep't of Corr.*, 2003 WL 21279439, *6-7 (S.D.N.Y. 2003) (comments about having "sex in the backseat of a car" and "sex in all positions," "pricking" plaintiff on the shoulder, and a bondage poster advertising sex toys picturing "a man in chains" that was taped to plaintiff's locker and in several other places, insufficient to establish a hostile work environment as a matter of law); *Salem v. Software Guidance & Assistance*, 1998 WL 278687 (S.D.N.Y. 1998) (sexually charged remarks, comments on the size of women's breasts, touching plaintiff's rear-end did not establish a hostile work environment).